THE STATE OF MISSOURI, Respondent, v. F. H. BRINKERHOFF *et al.*, Appellants.

St. Louis Court of Appeals, February 24, 1891.

Criminal Law: FORCIBLE INVASION OF POSSESSION OF REALTY. An indictment for the forcible invasion of the possession of real property is not sustained by evidence, that the defendants entered upon mining lots and took forcible possession of an engine and ore crusher thereon, which could be moved without material injury to the ground, but did not disturb the possession of these lots.

*Appeal from the Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED ( *and defendants discharged* ).

*N. Gibbs* and *H. E. Howell*, for appellants.

The offense under the information and statute is confined to "real property," and the "crusher and engine" were not real property, and there is no evidence tending to show they were, and the prosecuting witness says, " I was not disturbed in my possession of any shafts or lots. I only complain of what they done to the crusher and engine." R. S. 1879, sec. 1523 ; *Lacey v. Gibony*, 36 Mo. 320 ; *Graves v. Pierce*, 53 Mo. 429 ; *Thomas v. Davis*, 76 Mo. 75 ; *Bank v. Kercheval*, 65 Mo. 682 ; *Priestly v. Johnson*, 67 Mo. 632.

*Joseph N. Davis*, Prosecuting Attorney, for respondent.

THOMPSON, J.—This was a criminal information for a forcible entry and detainer of certain real property, under section 3779 of the Revised Statutes, 1889. The statute reads as follows : " Every person, who shall take or keep possession of any real property, by actual force or violence, without the authority of law, or who, being armed with a deadly or dangerous weapon, shall, by violence to any person in possession, or entitled to the possession, or by putting him in fear of immediate danger to his person, obtain or keep the possession of any such real property, without the authority of law, shall, on conviction, be adjudged guilty of a misdemeanor." The information charged that the defendant, on a day and at a place named, " did then and there and wilfully, forcibly and violently, and without authority of law, by actual force and violence, break and enter into, and take possession of, certain real property, to-wit : ( describing certain mining lots ) and the engine house and ore crusher thereon, and the messuages and appurtenances thereto belonging, there situate, and then and there in possession of one John Shorten,

by then and there forcibly and violently breaking the boards off the said engine house on said premises, and entering therein, and breaking and tearing up a certain ore crusher on said premises, and with a strong hand ejecting said John Shorten from the possession of said premises and real property, without authority of law, with force and by violence, and by putting him, the said John Shorten, in fear of immediate danger to his person," etc.

The defendants were convicted, and appeal to this court, assigning for error, among other things, that there was no evidence tending to show any forcible invasion or taking possession of *real* property, but that the evidence shows only a taking possession of *personal* property. We so read the evidence. It appears, from the testimony of the prosecuting witness, that there was a controversy between him and the defendant about the right to possession of an engine and ore crusher, which he was using on or near the mining lots described in the information ; and that they entered upon the premises and took possession of the ore crusher, but did not disturb him in the possession of the mining lots. He said : "When they took possession of the crusher, they did not disturb me in the possession of any shaft or lot. * * * They did not interfere with my digging. I only complain of what they done to the crusher and engine. The crusher could be moved without any material injury to the ground. The engine and shed could also be moved without injury to the ground. * * * They claimed to be the owners of it." The testimony adduced by the defendants was to the same effect. The prosecuting attorney admits that the engine and ore crusher were personal property.

It is clear, therefore, that the testimony at most shows only a forcible trespass upon, or invasion of, the possession of personal property, and does not show a forcible invasion of the possession of real property,

such as the statute was designed to punish. There was, therefore, no cause to be submitted to the jury, and the court should have directed a verdict for the defendants.

The judgment will accordingly be reversed and the defendants discharged. It is so ordered. All the judges concur.